AMERICAN CIVIL LIBERTIES UNION OF WASHINGTON
by: Aaron H. Caplan
705 Second Avenue, Suite 300
Seattle, WA 98103
(206) 624-2184

CENTER FOR JUSTICE
by: David Blair-Loy
35 West Main Street, Suite 300
Spokane, WA 99201
(509) 835-5211

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUN 0 4 2003

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| DONALD W. AUSDERAU and PEACE AND JUSTICE ACTION LEAGUE OF SPOKANE,<br><br>Plaintiffs,<br><br>v.<br><br>SPOKANE TRANSIT AUTHORITY,<br><br>Defendant. | No.<br><br>**CS-03-0199-RHW**<br><br>**COMPLAINT** |

1. This is a free speech action challenging rules adopted and enforced by the Spokane Transit Authority that place unconstitutional restrictions on expression on the sidewalks surrounding the Plaza building in downtown Spokane.

COMPLAINT -- 1

## PARTIES

2. Plaintiff Donald W. Ausderau is a natural person who resides in Spokane. He is a Christian minister and the founder of a local religious organization known as New Israel Assembly of Yeshua and Revival Crusades International.

3. Plaintiff Peace and Justice Action League of Spokane (PJALS) is a nonprofit corporation whose principal place of business is Spokane. PJALS is a membership organization committed to involving individuals and local communities in building foundations for a just and nonviolent world. Since its inception in 1975, PJALS has promoted social, political and economic change though community organizing, nonviolence training, volunteer involvement, human rights education and advocacy.

4. Defendant Spokane Transit Authority (STA) is a municipal corporation created under the laws of the state of Washington. Its principal place of business is Spokane. All actions of STA alleged in this complaint were taken under color of state law as that term is used in 42 U.S.C. § 1983.

## JURISDICTION AND VENUE

5. <u>Jurisdiction</u>. This court has personal jurisdiction because the defendant resides in the Eastern District of Washington. Federal subject matter jurisdiction is invoked under 28 U.S.C. § 1331 (federal question), § 1343 (civil rights), and § 1367 (supplemental jurisdiction over state law claims).

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON
705 Second Avenue, Suite 300
Seattle, Washington 98104-1799
(206) 624-2184

6. <u>Venue</u>. Venue is proper in the Eastern District of Washington under 28 U.S.C. § 1391(b), because defendant resides in this district and because a substantial part of the events and omissions giving rise to plaintiffs' claims occurred in this district.

## FACTUAL ALLEGATIONS

7. STA operates a mass transit system in Spokane and surrounding areas.

8. STA owns and operates a building known as "The Plaza" in downtown Spokane. The building is located between Riverside and Sprague Streets to the north and south, and between Wall Street and the Peyton building on the east and west.

9. The Plaza serves as the hub for the majority of transit trips in Spokane. Ten bus stop zones surround the building along Riverside and Sprague Streets. Some of these zones are curbs parallel to the street, while others have shallow bays for buses to pull briefly out of traffic for loading and unloading of passengers.

10. The following diagram of the Plaza and its surrounding sidewalks appears on the STA web site, www.spokanetransit.com:

COMPLAINT -- 3

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON
705 Second Avenue, Suite 300
Seattle, Washington 98104-1799
(206) 624-2184



11. The interior of the Plaza building offers transit-related information and services, and indoor waiting areas for transit riders. Portions of the Plaza building are leased or loaned to private businesses. Portions of the Plaza building are made available to community groups for speaking, performances, outreach, or public displays.

12. The sidewalks surrounding the Plaza on Riverside and Sprague Streets are indistinguishable from any other city sidewalks. There is no separation, no fence, and no indication that pedestrians enter some special type of enclave when they walk past the Plaza.

13. On or about July 24, 2002, STA adopted "Rules of Conduct for Transit Vehicles, Facilities, and Properties" (STA Rules). The STA Rules are incorporated by reference.

14. Article V of the STA Rules regulates "Public Communication Activities" at the Plaza, including the adjacent exterior zones surrounding the building. Public Communication Activities are defined as:

COMPLAINT -- 4

the posting or distributing of flyers, pamphlets, brochures, books or other written material, collecting petition signatures, political campaigning, demonstrating, displaying signs, picketing, unscheduled playing of musical instruments or other performances, public speaking, conducting surveys, soliciting or receiving of funds or contributions of any kind for any purpose, or otherwise communicating or attempting to communicate to the general public.

15. The STA Rules prohibit all Public Communication Activities without first obtaining a permit from STA.

16. Advance notice is required to obtain a permit.

17. Permits will only be granted for limited areas within the Plaza property. According to the STA Rules, public communication activities are entirely prohibited in all other areas of The Plaza. On the sidewalk, permits will be granted only for two small areas.

18. To obtain a permit, applicants must identify themselves and any persons who will engage in public communication activities.

19. STA will issue permits for no longer than five hours in each seven calendar days for any individual or group. There has been no history of excess demand for sidewalk space. During most hours, the sidewalks do not have any speakers.

20. Ausderau wishes to engage in public speaking regarding religious and social issues to persons on the sidewalk outside the Plaza. He wishes to speak from locations on the sidewalk other than the two small areas for which

COMPLAINT -- 5

STA will issue a permit. He also wishes to speak for more than five hours per week.

21. The STA Rules are so onerous that Ausderau has stopped speaking on the sidewalk outside the Plaza, despite his desire to communicate with his preferred audience there.

22. PJALS wishes to engage in leafleting and signature gathering regarding political and social issues among persons on the sidewalk outside the Plaza. To be effective in communicating and distributing leaflets, PJALS volunteers need to be free to move freely on the sidewalk and not be penned to a single location. PJALS also wishes to leaflet for more than five hours per week.

23. PJALS asked STA whether it would be allowed to leaflet on the sidewalk in the manner it wished, and was told that a permit would be required, that it would limit the movement of PJALS volunteers, and that it would be limited to five hours per week. Because of these conditions, PJALS has not undertaken leafleting or signature gathering on the sidewalk outside the Plaza, despite its desire to communicate with its preferred audience there.

## CAUSES OF ACTION

24. <u>Federal Law</u>. Defendant's rules infringe the free speech rights of plaintiffs in violation of the First and Fourteenth Amendments to the United States constitution, and in violation of 42 U.S.C. § 1983.

25. <u>State Law</u>. Defendant's rules infringe the free speech rights of plaintiffs under Art. I, § 5 of the Washington constitution.

COMPLAINT -- 6

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON
705 Second Avenue, Suite 300
Seattle, Washington 98104-1799
(206) 624-2184

## RELIEF REQUESTED

Plaintiffs seek the following relief:

A. Declaratory and injunctive relief against STA's restrictions on expression on the sidewalks surrounding the Plaza;

B. Nominal damages in the amount of $1.00;

C. Costs and reasonable attorney fees pursuant to 42 U.S.C. § 1988 or any other applicable law; and

D. Such other and further relief as the Court deems just and proper.

DATED this 4 day of June, 2003.

AMERICAN CIVIL LIBERTIES
UNION OF WASHINGTON

By: *Aaron H. Caplan /per telephonic authorization*
Aaron H. Caplan
Staff Attorney

CENTER FOR JUSTICE

By: *[signature]*
David Blair-Loy
Staff Attorney

Attorneys for Plaintiffs

COMPLAINT -- 7

AMERICAN CIVIL LIBERTIES UNION
OF WASHINGTON
705 Second Avenue, Suite 300
Seattle, Washington 98104-1799
(206) 624-2184